Nash, J.
 

 The governing rule in the construction oí will»! is the intent of the testator. We must endeavor to get into his mind, and, from what he has written- in his will, ascertain, as well as we can, what were his parpóse and wishes in the matter. If not inconsistent with law, and it be sufficiently certain, that purpose must be carried out. No one can be in doubt as to the intention ©f the testator, as expressed in the second clause. He theaein makes provision “ for the decent and comfortable support of his wife during her lifetime.” This was a high moral, as well as- legal obligation on him. She had been his companion and fniend, and with him may have toiled through many a weary day, in accumulating the property lie was about to dispose of; and surely no higher earthly duty could rest upon him, than to provide for her comfort during the remainder of her pilgrimage, when deprived of his protection and. care. But it is a duty, which the law enforces, and which, a husband can, by no testamentary provision, so far as, his.Eeai
 
 *269
 
 estate is concerned, deprive her of. The testator in this case was aware of his duty, and it appears to have been with him a paramount motive. According, then, to the second clause of the will, her maintainance is made a charge upon all his lands. The words are, “ to be derived from all my lands and tenements.” The difficulty is created by the third clause, in which the testator gives to his son Israel five tracts of land, containing eight hundred acres, “to have and to hold to him and his heirs forever.” This, if it had stopt there, was the devise of a fee simple absolute, simply charged as in the second item. The testator goes on to say, “subject, nevertheless, to a charge of five hundred dollars, to be paid by him, his heirs, executors or administrators, to his brother, James M. Baird,” &c., “a good and sufficient voucher for the payment of the said sum of five hundred dollars to the said James M. Baird, by the said Israel Baird, according to this will and devise,- shall vest in him, his heirs and assigns forever, a good, pure, and absolute estate of inheritance in the said lands and tenements.” That this devise creates a charge upon the land, of 'five hundred dollars, there can be no doubt; and by the heirs of Israel Baird it is contended, that it is inconsistent with that contained in the second clause, and abrogates and makes it void. It is said, that where two clauses in a will are entirely inconsistent, one with the other, that the latter must prevail — upon the principle, that the first deed and last will must stand. To produce this effect, however, the two clauses must be totally inconsistent, and incapable of reconciliation. 1 Roper on Legacies, 328. If they can be reconciled, they shall both stand — upon the principle, that eyery part of a will shall have some effect given to it. Thus, if property be given to A, by one clause of a will, and by a subsequent one, the same property is given to B, they shall hold as joint tenants, or tenants in common; and thereby, each takes benefit under the will. The inconsistency between the clauses we are considering, consists, it
 
 *270
 
 is said, not in the double charge upon the land, but in the peculiar phraseology of that portion of the third item, which devises the land to Israel Baird. The obtaining a receipt from James, of the payment of the five hundred dollars, shall vest in him “ a good, pure, and absolute estate of inheritance.” The effect and purpose of this clause is to me obvious. He did not mean, that, upon the performance of that condition, he should hold the land discharged of the maintenance, charged upon it in the clause immediately preceding. In the first place, he charges the whole of his real estate with the widow’s maintenance. He does not choose to make her comfort dependent upon any particular part or portion of it. His desire is, that she should bo maintained in that style, and in that abundance she had been accustomed to. And it is not perceived with what propriety the Court can restrict it to a part. Again, the whole of his land, all that he actually owned, is devised to his two sons, Israel and William II. Baird. We are not informed of the value of the respective devises, but we are told in the will, that Israel’s share contains eight hundred acres, and William’s five. But he has another son, James, to provide for, and instead of making his legacy a charge upon all the land, he confined it to the portion given to Israel. Why is this ? It is fair to presume that the testator intended thereby, to equalise the two devises. But this intention is utterly destroyed, if it is held, that the payment of the legacy to James by Israel discharges the claim of the widow upon his land, whereby the whole burthen will be thrown upon William. By such a construction, the widow’s security will be greatly diminished, and the charge upon William greatly increased. Let us suppose, however, that, instead of making the five hundred dollar legacy to James, a charge upon Israel’s devise, he had subjected William’s, also, to it, and annexed the same condition to the whole. Could it be supposed, for a moment, it was the intention of the testator, that, upon the payment of the five
 
 *271
 
 hundred dollar legacy, the provision made for his widow should cease. To provide for his widow, appears to be a primary object with him — he was not disposed to throw her upon the measured bounty of the law. There is another rule-of construction applicable to this will, or the clause we are considering — if a devise be so worded, that no meaning can be affixed to it, and the will furnish no clue to ascertain the meaning, the bequest must necessarily be void for uncertainty. 2 Roper on Legacies, 329. Now, in the first part of the third item, an estate in fee simple is given to Israel in the land mentioned in it — which is an estate of inheritance — by the performance of the condition annexed in the after part, no greater estate is created. This latter clause, then, is insensible, and can have no operation in enlarging the estate of Israel, or freeing it from an incumbrance, from which it was not freed by the preceding part. But it is preferred to give to the words, “ a good, free, and absolute estate/’ the exposition hereinbefore attached to them. That exposition is aided by the consideration, that, by it, each clause in the will has a practical effect given to it. We cannot consent, that the provision made for the widow in the first clause, which is certain, shall be controlled by a subsequent disposition, which is doubtful and uncertain in its meaning — to say the least of it, it would be the reversal of the rule,
 
 id cerium est, quod cerium reddi potest.
 

 It must be declared, that the plaintiff, Mrs. Baird, is, under the will of her husband, Bedient Baird, entitled to a maintenance; and that it is a charge upon the real estate of the testator, of which he died seised and possessed. There being no evidence that the testator had, at the time of his death, any other real estate but that devised to Israel Baird and William R. Baird, it is referred to the Master, to enquire, what will be a proper annual allowance, over and above her estate, which will be a decent and comfortable support for the plaintiff regard being first had to her’
 
 *272
 
 situation and condition, and manner of life, during the life of her husband; which, so ascertained, will be declared a charge upon the land devised to Israel and William R. Baird — to be paid by them, on or out of their estates devised, in just proportion to the respective values of the devises, after deducting from Israel’s the legacy to J ames; and the Clerk and Master will report the value' of said devises, upon the principle designated.
 

 • The plaintiff- does not claim any allowance prior to the filing of the bill.
 

 Per Curtam. Decree accordingly.